**12 CIV 5712**

JUDGE ABRAMS

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN J. GENOVA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. |
| | ) |
| INTERNAL REVENUE SERVICE, | ) |
| | ) |
| Defendant. | ) |

*(Received stamp: JUL 25 2012, U.S.D.C. S.D.N.Y. CASHIERS)*

## COMPLAINT

Plaintiff, John J. Genova, files this action under the Freedom of Information Act ("FOIA"), 5 USC §552, *as amended*, to compel disclosure of agency records that have been unlawfully withheld by the Internal Revenue Service ("IRS").

1. This Court has jurisdiction pursuant to 5 USC §552(a)(4)(B) and 28 USC §2201-2202.

2. Venue is proper in this Court pursuant to 5 USC §552(a)(4)(B). Plaintiff is a United States citizen whose principal place of business is located in the Southern District of New York.

3. Plaintiff is the requester of agency records that have been improperly withheld.

4. The Defendant, Internal Revenue Service, is an agency of the United States government and has possession and control over the documents and materials that Plaintiff seeks in its FOIA claims.

5. On June 4, 2012, Plaintiff submitted, by letter, a FOIA request to Defendant for a copy of the Tax Litigation Guidebook. The FOIA request is attached hereto as Exhibit A.

6. On June 22, 2012, Defendant sent a letter to Plaintiff denying the FOIA request on the grounds that the Tax Litigation Guidebook is purportedly compiled for law enforcement purposes and, therefore, exempt under 5 USC § 552(b)(7). Defendant's response is attached hereto as Exhibit B.

7. On June 25, 2012, Plaintiff submitted, by letter to Defendant, an administrative appeal of the FOIA request. Plaintiff's administrative appeal is attached hereto as Exhibit C.

8. On July 18, 2012, Defendant sent a letter to Plaintiff denying the administrative appeal. Defendant's denial of Plaintiff's appeal is attached hereto as Exhibit D.

9. Plaintiff has exhausted its administrative remedies.

10. Plaintiff is authorized and entitled to receive the records requested and there is no legal basis for Defendant's denial of the FOIA request.

WHEREFORE, Plaintiff prays that this Court:

(1) declare that the refusal of Defendant to disclose the records requested by Plaintiff is unlawful;

(2) order Defendant to disclose the requested records to Plaintiff;

(3) expedite its consideration of this action pursuant to 28 USC §1657;

(4) award Plaintiff reasonable costs and attorney's fees as provided in 5 USC §552(a)(4)(E) and 28 USC §2412; and

(5) grant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

John J. Genova
*Pro se*

Dated: New York, New York
       July 25, 2012

John J. Genova
Attorney at Law
799 Broadway Suite 229A
New York, NY 10003
Tel: 212-475-2595
Fax: 212-475-2596
John@GenovaTaxLaw.com

Via First Class Mail

June 4, 2012

Internal Revenue Service
Disclosure Scanning Operation
Stop 93A
P.O. Box 621506
Atlanta, GA 30362-3006



Dear Sir or Madam:

This is a request under the Freedom of Information Act (5 U.S.C. §552). I am an attorney using this information in my representation of my clients before the Internal Revenue Service. I am not using this information for commercial purposes.

I request a copy of the "Tax Litigation Guidebook" which is referenced throughout Part 35 of the Internal Revenue Manual. I do not want a copy of Part 35 of the Internal Revenue Manual as this is available online at IRS.gov. The Guidebook can likely be found at the Office of Chief Counsel.

In the event that documents are withheld, please provide a complete "Vaughn index" describing in detail the exemption the document falls under along with justification as described in Vaughn v. Rosen, 484 F.2d 820 (1973).

Thank you for your time and attention to this matter. Please contact me with any questions you may have. I offer to pay $50.00 for the above materials. Please call me if it will cost more.

Very truly yours,

EXHIBIT A



**PRIVACY, GOVERNMENTAL LIAISON AND DISCLOSURE**

**DEPARTMENT OF THE TREASURY**
INTERNAL REVENUE SERVICE
WASHINGTON, DC 20224

June 22, 2012

John Genova
799 Broadway
Suite 229A
New York, NY 10003

Dear John Genova:

I am responding to your Freedom of Information Act (FOIA) request dated June 4, 2012, that we received on June 7, 2012.

You asked for the Tax Litigation Guidebook. I am denying your request in full for the following reason:

FOIA exemption (b)(7)(E) exempts from disclosure records or information compiled for law enforcement purposes to the extent their production would reveal:

- Techniques and procedures for law enforcement investigations or prosecutions

- Guidelines for law enforcement investigations or prosecutions, if release could reasonably be expected to risk circumvention of the law.

You asked for a complete Vaughn Index. We are not required to create records, provide explanations, or answer questions in response to a FOIA request.

I have enclosed Notice 393 explaining your appeal rights.

If you have any questions please call Disclosure Specialist Cassandra E Knight-Paige ID # 1000699382, at 512-460-4433 or write to: Internal Revenue Service, Disclosure

EXHIBIT B

Scanning Operation – Stop 93A, PO Box 621506, Atlanta, GA 30362.  Please refer to case number F12160-0039.

Sincerely,

Stephanie K Young
Disclosure Manager
Disclosure Office 09

Enclosure
  Notice 393

EXHIBIT B

John J. Genova
Attorney at Law
799 Broadway Suite 229A
New York, NY 10003
TEL: (212) 475-2595
FAX: (212) 475-2596
John@GenovaTaxLaw.com

Via Certified Mail 7011 2000 0000 4837 6548

June 25, 2012

IRS Appeals
Attention: FOIA Appeals
M/Stop 55202
5045 E. Butler Avenue
Fresno, CA 93727-5136

### Notice of Appeal

I hereby appeal the Internal Revenue Service's decision to deny my request dated June 4, 2012, for a copy of the Tax Litigation Guidebook.

Per your letter dated June 22, 2012, I am providing the following information for my appeal:

Name and address: John J. Genova, Esq., 799 Broadway, Suite 229A, New York, NY 10003

Description of requested records: copy of Tax Litigation Guidebook referenced in Part 35 of the Internal Revenue Manual.

Date of my request: June 4, 2012

Identity of the office and contact on the response letter: the return address on the mailing envelope is IRS, Mail Stop 7000 HOU, 1919 Smith Street, Houston, TX 77002-8028; the contact information in the letter of denial of my request is Cassandra E. Knight-Paige ID# 1000699382, Internal Revenue Service, Disclosure Scanning Operation – Stop 93A, PO Box 621506, Atlanta, GA 30362 (512) 460-4433. (copy enclosed)

Date of the letter denying the request: June 22, 2012 (F12160-0039) (copy enclosed)

EXHIBIT C

June 25, 2012
Page 2 of 2

Very truly yours,

Enclosures

EXHIBIT C

**Internal Revenue Service**
Appeals Office M/S 55203
Fresno, CA 93888-0700

Date: JUL 1 8 2012

JOHN J GENOVA, ESQ.
799 BROADWAY SUITE 229A
NEW YORK NY 10003

**Department of the Treasury**

**Person to Contact:**
Carol Peters
Employee ID Number: 1000157549
Tel: 559-253-4826
Fax: 559-253-4880
Contact Hours: 8:00 - 2:30 PST
**Refer Reply to:**
AP:FW:FRC:CAP
**In Re:**
Freedom of Information Act
**Tax Period(s) Ended:**
06/2012

Dear Mr. Genova:

This letter is in response to your June 25, 2012 Freedom of Information Act (FOIA) appeal. The Disclosure Office responses, dated June 22, 2012, which provided no responsive documents to your June 4, 2012 request.

You requested a copy of the Tax Litigation Guidebook and a Vaughn index if the request was denied.

The Disclosure Office provided no responsive documents and explained that a Vaughn Index is not required to provide an explanation or answer in response to a FOIA request. They noted the applicable FOIA exemption as FOIA exemption (b)(7)(E).

Your appeal states that you are appealing the documents withheld in full; your appeal gave no legal basis for the appeal.

Appeals has reviewed the response of the Disclosure Specialist, the Disclosure database, and have determined that the response was appropriate.

Exemption 7 allows for the withholding of "information compiled for law enforcement purposes". 5 U.S.C. Section 552(b)(7). The law to be enforced within the meaning of "law enforcement purposes" includes both civil and criminal statutes as well as statutes authorizing administrative proceedings: see e.g., *Ortiz v. HHS*, 70 F.3d 729, 732 (2d Cir. 1995) (record at issue which launched criminal investigation of plaintiff, properly withheld even though no charges were brought); *Kay v. FCC*, 867 F. Supp. 11 (D.D.C. 1994) (FCC regulations implementing the Communications Act).

There is little doubt that the Service is tasked with the responsibility of enforcing the internal revenue laws. See generally I.R.C. Section 7801 (administration of this title performed by or under direction of Secretary of Treasury), I.R.C. Section 7802 (creating position of Commissioner of Internal Revenue). The enforcement of the internal

EXHIBIT D

revenue laws through the collection of taxes involves a law enforcement proceeding. *See e.g. Becker v. IRS*, 34 F.3d 398, 407 (7th Cir. 1994) (IRS has law enforcement purpose in investigating potential illegal tax protestor activity); *Church of Scientology Intern. v. IRS*, 995 F.2d 916, 919 (9th Cir. 1993) ("EO [Exempt Organization Division of the IRS] performs a law enforcement function by enforcing the provisions of the federal tax code that relate to qualification for exempt status"), *Lewis v. IRS*, 823 F.2d 375, 379 (9th Cir. 1987) (documents generated during ongoing criminal tax investigation meet law enforcement threshold); *Holbrook v. IRS*, 914 F. Supp. 314 (S.D. Iowa 1996) (documents gathered during IRS criminal investigation compiled for law enforcement purposes). *But see, Author Services v. IRS*, 1992 U.S. Dist. Lexis 11907 (C.D. Cal. July 30, 1992) (records compiled after investigation completed not for law enforcement purposes).

Exemption (b)(7)(E) affords protection to all law enforcement information which "would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law." 5 U.S.C. 552(b)(7)(E). *See also Becker v. IRS*, 34 F.3d at 405; *PHE, Inc. v. Dept. of Justice*, 983 F.2d 248, 251 (D.C. Cir. 1993) ("Release of FBI guidelines as to what sources of information are available to its agents might encourage violators to tamper with those sources of information and thus inhibit investigative efforts."). The redacted data would disclose a law enforcement technique utilized by the Service. Therefore, the Tax Litigation Guidebook, serving the same type purpose, was properly withheld in full.

It is well settled that a requester is not entitled to receive a Vaughn index during the administrative process as the courts do not require the submission of such an index prior to the time when a dispositive motion is filed. See, e.g., *Edmond v. U.S. Attorney*, 959 F. Supp. 1, 5 (D.D.C. 1997) (rejecting, as premature, request for Vaughn Index when agency had not processed plaintiff's request), *Tannehill v. Dept. of the Air Force*, No. 87-1335, slip op. at 1 (D.D.C. Aug. 20, 1987) (noting that standard practice is to await filing of agency's dispositive motion before deciding whether additional indexes will be necessary); *Miscavige*, 2 F.3d at 369 ("The plaintiff's early attempt in litigation of this kind to obtain a Vaughn Index...is inappropriate until the government has first had a chance to provide the court with the information necessary to make a decision on the applicable exemptions."). Therefore, any effort to compel an agency to prepare a Vaughn Index prior to the filing of the agency's dispositive motion is typically denied as premature.

As part of the 2007 FOIA amendments, the Office of Government Information Services (OGIS) was created to offer mediation serviced to resolve disputes between FOIA requesters and the Office of Disclosure as a non-exclusive alternative to litigation. The Office of Appeals is not a part of this mediation process. Using OGIS services does not affect your right to pursue litigation. If you are requesting access to your own records (which is considered a Privacy Act request), you should know that OGIS does not have the authority to handle requests made under the Privacy Act of 1971. If you disagree with the Appeals determination and wish to pursue mediation, you may contact OGIS in

EXHIBIT D

any of the following ways;
- Office of Government Information Services
- National Archives and Records Administration
- Room 2510
- 8601 Adelphi Road
- College Park, MD 20740-6001
- E-mail: ogis@nara.gov
- Telephone: 301-837-1996
- Facsimile: (301) 837-0348
- Toll-free: 1-(877) 684-6448

The FOIA requires us to advise you of the judicial remedies granted in the Act. You may file a complaint in the United States District Court for the District in which you reside, or have your principal place of business, or in which the agency records are located, or in the District of Columbia.

Sincerely,

P. Perez
Appeals Team Manager

EXHIBIT D

3